IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROSICK D. KIRVEN-HILL, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | §   No. 3:20-cv-01042-L (BT) |
| | § |
| DIRECTOR, TDCJ-CID, | § |
| | § |
| Respondent. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Rosick D. Kirven-Hill, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Kirven-Hill's petition as barred by limitations.

I.

A jury found Kirven-Hill guilty of aggravated sexual assault of a child under fourteen years old, and he pleaded true to an enhancement paragraph. *State of Texas v. Kirven-Hill*, Case Number F-1171579-K. On August 7, 2015, the trial court entered its judgment sentencing him to fifteen years' imprisonment. *Hill v. State*, 05-15-00989-CR, slip op. at 11 (Tex. App.-Dallas 2017, pet. ref'd).

1

On January 18, 2017, the Texas Fifth Court of Appeals affirmed Kirven-Hill's conviction as modified.[1] On May 3, 2017, the Texas Court of Criminal Appeals (CCA) refused his petition for discretionary review (PDR). *Hill v. State*, PD-05-15-00989 (Tex. Crim. App. 2017).

Kirven-Hill did not properly file a state application for writ of habeas corpus. *See* Resp. Ex. A (ECF No. 17) (an affidavit from the CCA, stating, "I have searched the records and have found no 11.07 post-conviction writ of habeas corpus [in Kirven-Hill's case]"); *see also* Resp. Ex. B (ECF No. 17) (the trial docket). But he did improperly file a state application in federal district court.

On March 1, 2020, at the earliest, Kirven-Hill filed his § 2254 petition (ECF No. 3) in this Court.[2] He argues:

(1) The trial court erred by admitting his written and oral statements to Officer Hutson;

(2) The trial court erred by "avoiding" a DNA test, Pet. 6 (ECF No. 3);

(3) The Texas Fifth Court of Appeals erred by comparing his case to *Vasquez v. State*; and

---

[1] The Texas Fifth Court of Appeals found that the judgment contained several errors, and it modified them. (ECF No. 18-3 at 10-13.)

[2] A prisoner's *pro se* pleading is deemed filed on the date that it was deposited in the prison mail system. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Here, Kirven Hill signed and dated his petition "March 2020." Pet. 10 (ECF No. 3). The Court presumes Kirven-Hill gave his petition to prison officials on March 1, 2020, at the earliest, for mailing to the Clerk.

(4) An unspecified trial objection was properly preserved for appellate review.

Respondent filed an answer arguing, among other things, that Kirven-Hill's petition should be dismissed with prejudice because it is time-barred.

II.

**A.    Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[3]

---

[3] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

Here, the CCA refused to issue Kirven-Hill a PDR on May 3, 2017. Therefore, at the latest, Kirven-Hill's conviction became final on August 1, 2017, when the time for filing a petition for writ of certiorari expired. *See* Sup. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Kirven-Hill then had one year, until August 1, 2018, to file his federal petition. 28 U.S.C. § 2244(d)(1)(A). He did not file his petition in this Court until March 1, 2020, *more than a year* after the deadline expired. Kirven-Hill's petition is therefore untimely.

A state habeas application generally tolls the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that a state habeas application tolls the limitations period under § 2244(d)(2)); *see also Broussard v. Thaler*, 414 F. App'x 686, 687-88 (5th Cir. 2011) (per curiam) ("AEDPA provides that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any

---

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

period of limitation under this subsection.") (quoting 28 U.S.C. § 2244(d)(2)). Kirven-Hill attempted to file a state habeas application in the federal district court, and he requested that the federal district court forward his state application to the proper state court. *See* Pet. 9 (ECF No. 3); *see also Kirven-Hill v. Texas*, Case No. 3:17-cv-02035-N-BK, ECF Nos. 3, 5 (N.D. Tex. 2017) (ECF No. 3 is the improperly filed state habeas application). On August 24, 2017, the federal district court construed a subsequent filing from Kirven-Hill as a voluntary dismissal and dismissed the case without prejudice. The federal district court advised him it would not forward his state habeas application and that he had the responsibility of filing his state habeas application in the proper court. *Kirven-Hill*, No. 3:17-cv-02035-N-BK, ECF No. 6. The Court also warned him regarding the one-year statute of limitations under § 2244(d).

      Kirven-Hill did not properly file a state habeas application, and the state habeas application he filed in federal court does not toll the limitations period. *See North v. Davis*, 800 F. App'x 211, 215 (5th Cir. 2020) (per curiam) (recognizing that "even 'if a state court mistakenly accepts and considers the merits of a state habeas application in violation of its own procedural filing requirements . . ., that habeas application is not 'properly filed'") (quoting *Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004)). Kirven-Hill was required to file his state habeas application with "the clerk of the court in which the conviction being challenged was obtained." Tex.

Code Crim. Pro. 11.07 § 3(b); *see also Pleasant v. Lumpkin,* No. 19-20664, 2022 WL 1486780, at *2 (5th Cir. May 11, 2022) (per curiam). Therefore, Kirven-Hill's limitations period is not subject to tolling under § 2244(d)(2), and his federal limitations period expired on August 1, 2018.

### B.   Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis,* 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain,* 450 F.3d 601, 605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).

Kirven-Hill's § 2254 petition includes the following direction: "If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute

of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition."

Pet. 9 (ECF No. 3). Kirven-Hill responded:

> My timely appeal of my conviction was granted immediately. I did exhaust and lost my direct appeal January – May 2017. I also filed a writ of habeas corpus under Article 11.07, but filed it on an inappropriate form, resulting in a dismissal. I was informed of this error by Magistrate Judge Renee Harris Toliver. I requested for the Clerk of the Court to forward the petition over to the state, but she declared to me that I was responsible for filing my state habeas petition. And that the Court will not forward the petition to the state. After this response, I have continuously requested habeas motions from the Court to no avail. I've also been denied the privilege of attending the law-library. My I-60 requests have been ignored.

*Id.*

Kirven-Hill has failed to demonstrate that his case is "rare and exceptional." *See Davis*, 158 F.3d at 811. He argues that been "denied the privilege of attending the law-library." Pet. 9 (ECF No. 3). However, he does not suggest that state action somehow precluded him from timely filing his federal petition. *See id.* Kirven-Hill's improperly filed state habeas application was filed in the federal district court on June 27, 2017. *Kirven-Hill*, No. 3:17-cv-02035-N-BK, ECF No. 3. This fell within the limitations period. Kirven-Hill has not suggested that the alleged denial of his use of the law library somehow prevented him from making a timely filing, and he has not demonstrated he was somehow prevented from timely filing based on some unconstitutional state action. *See* Pet. (ECF No. 3). Kirven-Hill does not show that he was actively misled about the cause of action or otherwise

7

prevented in some extraordinary way from asserting his rights. *See Coleman*, 184 F.3d at 402.

Finally, Kirven-Hill has not demonstrated that he acted with diligence in pursuing his rights. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005) (holding the petitioner failed to establish act with the requisite diligence); *see also Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 256-57 (2016). In this case, Kirven-Hill waited over two years after his improperly-filed state habeas application was dismissed before he filed this federal petition. *See* Resp. Ex. D (ECF No. 17) (federal district court's order is dated August 24, 2017); *see also* Pet. 10 (ECF No. 3) (the federal petition is signed and dated "March 2020"). The claims Kirven-Hill raises in his federal petition address issues about matters before the trial court or his objections to the Texas Fifth Court of Appeals affirming his conviction on January 18, 2017. The claims do not rely on new facts or evidence not available to him when he was convicted or within a manner to allow him to timely pursue these claims. Therefore, Kirven-Hill has failed to show that he has pursued his claims diligently to justify equitable tolling. *See Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989) ("[E]quity is not intended for those who sleep on their rights."); *see also Hill v. Johnson*, 265 F.3d 1059, at *1 (5th Cir. 2001) (per curiam); *Fisher*, 174 F.3d at 715.

In sum, Kirven-Hill fails to state a sufficient basis for applying equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000)

8

("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

## C. Actual Innocence

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."[4] *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.*

Kirven-Hill summarily argues, "Actual Innocence. Never had intercourse with said victim (E.T.) in 2008. Physically impossible to do without a trace of DNA. I was 34, victim was 10 or 11." Pet. 8 (ECF No. 3). He fails to come forward with new evidence or an argument demonstrating that "no reasonable juror would have convicted him." *McQuiggin*, 569 U.S. at 386. And Kirven-Hill's bare argument is conclusory and generally not persuasive. For these reasons, Kirven-Hill has failed to demonstrate that

---

[4] *House v. Bell*, 547 U.S. 518 (2006); *Schlup v. Delo*, 513 U.S. 298 (1995).

actual innocence serves as a gateway through which his time-barred petition can pass. His petition is time-barred and should therefore be dismissed with prejudice.

III.

The Court should DISMISS Kirven-Hill's *pro se* petition for a writ of habeas corpus with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. § 2244(d).

Signed August 15, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).